## THE UNITED STATES, Appellants, *v.* JOSEPH HUGHES.

Where a grant of land, in Louisiána, was made by the Spanish governor, in Febru
ary 1799, but no possession was ever taken by the grantee, during the existence
of the Spanish government, or since the cession to the United States; and no
proof of the existence of the grant until 1835, when the grantee sold his interest
to a third person; the presumption arising from this neglect is, that the grant, if
made, had been abandoned.

The regulations of Gayoso, who made the grant, were, that the settler should forfeit
the land, if he failed to establish himself upon it within one year; and put under
labor ten arpents in every hundred within three years.

THIS was a land case, arising under the acts of 1824 and
1844, and brought up by appeal from the District Court of the
United States, for the Eastern District of Louisiana.

The petition in this case was filed in the District Court of
the United States, for the Eastern District of Louisiana, on the
16th day of June, 1846.

Hughes, the petitioner, represented therein that, on the peti-
tion of Joseph Guidry, the Spanish governor of Louisiana,
Gayoso granted to him, (said Guidry,) on the 1st of February,
1799, a tract of land, having a front of 40 arpents on the Atcha-
falaya, with a depth of 40 arpents, adjoining the land of Andre
Martin, on the west bank of the said river, near where the Point
Coupée trace from Opelousas, crosses said river. Petitioner fur-
ther alleges that the said claim was presented to the board of
commissioners, under the act of Congress of 6th of February,
1835, and reported on favorably, but never acted on by Con-
gress; that the United States have sold none of said land, ex-
cept a small part to John L. Daniel; and that he, Hughes, has

become owner of one thousand arpents of said grant by a chain of conveyances, &c.; he therefore prays for a decree confirming his title, &c.

The answer of the United States denies all the allegations of the petition.

Depositions to prove the genuineness of Gayoso's signature were given in evidence.

The chain of title to the petition was a conveyance from Guidry to Andrè Martin, on the 19th of April, 1837, and conveyance by Martin to Hughes, on the 1st of March, 1846.

The District Court confirmed the claim, and the United States appealed.

It was argued by *Mr. Crittenden,* (Attorney-General,) for the United States, and by *Messrs. Janin* and *Taylor,* for the appellee.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from the decree of the District Court of the Eastern District of Louisiana.

The plaintiff, Hughes, in the court below, filed a petition, founded upon a Spanish claim, under the act of 17th of June, 1844, which revived the act of 26th of May, 1824, for the purpose of recovering a tract of sixteen hundred arpents of land, situate in Louisiana, on the Atchafalaya river, near where the Point Coupée road crosses the said river.

The petition states that the concession was made to one Joseph Guidry, on the 1st of February, 1799, by Governor Gayoso, under whom the plaintiff derives title.

The proofs in the case show, that the grant was made on the application of Guidry at the date mentioned; that he sold and assigned his interest in the same to one Andrè Martin, at the risk of the purchaser, 19th of April, 1835, who assigned the same to the plaintiff, 1st of March, 1846, in pursuance of a contract made with his agent in 1840. The latter purchase was also made at the risk of the purchaser.

This concession was an incomplete grant, and did not vest a perfect title to the property in the grantee, according to the Spanish usages and regulations, until a survey was made by the proper official authority, and the party thus put in possession, together, also, with a compliance with other conditions, if contained in the grant, or in any general regulations respecting the disposition of the public domain. Possession, with definite and fixed boundaries, was essential to enable him to procure from the proper Spanish authority a complete title. If, however, the concession itself contained a description of the land sufficient to enable

the grantee to locate the same without the aid of a survey, the incipient grant, and possession thus taken, have always been regarded as such a severance of the tract from the public domain, as to entitle the grantee to a confirmation of the grant within the provisions of the act of 1824.

In such a case, there would be no discretion to be exercised by the public surveyor in putting the party in possession, which, under the Spanish usages, in disposing of the public land, was regarded as essential, in case of grants indefinite as to the location. The survey would be rather matter of form, than of substance, and might, therefore, very well be dispensed with.

In this case, the description in the grant is, perhaps, sufficiently specific to have enabled the grantee to take possession without the necessity of a survey; and, if possession had been taken in pursuance of the grant, he, or those claiming under him, would have presented a proper case for confirming the title under the act; and the decree of the court below in favor of the claim might well be sustained.

But no possession of the land was ever taken under this imperfect and incomplete grant, either during the existence of the Spanish government, or since the cession to the United States. Not only has no possession been taken, but, for aught that appears in the record, no action has been had, or claim set up, under the grant, during the whole of the period, from its date down to the institution of the suit, 16th of May, 1847.

Nor have we any proof of the actual existence of the grant, at all, until the 19th of April, 1835, when the grantee sold and quitclaimed his interest to Martin, under whom the plaintiff claims. No account has been given of it for the period of some thirty-six years. The plaintiff rests his claim exclusively upon the evidence of the signature of the governor to the concession, under date of 1st of February, 1779, and its production, 16th of May, 1846, before the court when the suit was commenced, together with the transfer from Guidry, the grantee, to Martin, in 1835, and from the latter to himself, in 1846; and this unconnected with any possession of the premises, or claim of right of possession to the same, in the mean time.

In view of this state of facts, it is impossible to deny, but that the claim comes before us under circumstances of very great suspicion; or to resist the conclusion that the grant, if made, had been abandoned. It is difficult to account for the neglect to take possession, or to set up any right or claim to the land for so long a period, upon any other supposition; especially, when we see that the description of the premises in the concession is sufficiently specific to have enabled the grantee to take possession under it without the aid of a previous survey.

This conclusion is strengthened, when we take into view the regulations of Governor Gayoso himself, who made the grant in question, respecting the disposition of public lands, published. at New Orleans, 9th of September, 1797, about a year and a half before it was made. According to the 14th article, it is declared, that the settler shall forfeit the lands, if he fails to establish himself upon them within one year; and shall have put under labor ten arpents in every hundred, within three years. And in the regulations of the Intendant, Morales, pub- lished at the same place, July 17, 1799, some six months after the date of this grant, possession and cultivation, within a limited time after the concession, are expressly enjoined, under the penalty of forfeiture.

The neglect to comply with these regulations, thus positively enjoined, within the three years that the Spanish government continued after the date of the grant, together with the absence of claim or assertion of right to the land, and absence even of any proof of the actual existence of the grant for the period of more than thirty-six years, we are of opinion, lay a foundation for the inference or presumption of abandonment of the original concession made by Gayoso, too strong to be resisted; at least, a presumption of abandonment that called for explanation on the part of the plaintiff, accounting for the neglect to take the possession, for the great delay in the assertion of the claim, and for the absence of any evidence of even the existence of the grant itself for so long a period of time.

On these grounds, we think, the decree of the court below erroneous, and should be reversed, proceedings remitted to the court below, and petition be dismissed.

### *Order.*

This cause came on to be heard on the transcript of the record from the District Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that the decree of the said District Court in this cause be, and the same is hereby, reversed and annulled; and that this cause be, and the same is hereby, remanded to the said District Court, with directions to dismiss the petition of the claimant.